NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2761
_____

LARRY J. KUSHNER,
Appellant

v.

ATTORNEY GENERAL NEW JERSEY;
NEW JERSEY STATE PAROLE BOARD


_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-14-cv-03709)
District Judge: Honorable Peter G. Sheridan
_____

Argued: May 1, 2018
_____

Before: SMITH, *Chief Judge*, HARDIMAN, and RESTREPO, *Circuit Judges*.

(Filed: May 22, 2018)

Adrienne Box, Student Counsel  [ARGUED]
Matthew Goddard, Student Counsel  [ARGUED]
Adrian N. Roe, Esq.
Duquesne University School of Law
Tribone Center for Clinical Legal Education
914 Fifth Avenue
Pittsburgh, PA 15219
        *Counsel for Appellant*

Ian D. Brater, Esq.  [ARGUED]
Christopher J. Gramiccioni, Esq.

Monmouth County Prosecutor's Office
132 Jerseyville Avenue
Freehold, NJ 07728
    *Counsel for Appellee*

_____

OPINION[*]

_____

RESTREPO, *Circuit Judge*.

Appellant Larry Kushner filed this habeas corpus petition challenging his New Jersey conviction under the speedy trial guarantee of the Sixth Amendment. The District Court denied the petition. We will affirm.

**I**

In 2010, Kushner pled guilty to theft by deception, N.J. Stat. Ann. § 2C:20-4, and failure to file a state tax return, N.J. Stat. Ann. § 54:52-8. He was sentenced to seven years' incarceration and $1,122,200 in restitution. We recount the procedural history of his case only as is necessary for this appeal.

On February 8, 2007, Kushner was arrested on charges of credit card fraud and identity theft. Within days, he was released on bail. On May 12, 2008—approximately fifteen months later—the state indicted Kushner on twenty-six counts of theft by deception, credit card fraud, identity theft, and failure to file New Jersey tax returns.

On September 14, 2010, Kushner pled guilty, reserving his right to raise a speedy trial claim. The trial court subsequently denied his speedy trial motion. Among other

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

2

things, the trial court found that the state's delay in indicting Kushner resulted from the complex nature of the case, which involved over four thousand pages of discovery, multiple corporations and properties, and investigation in three states. The Superior Court of New Jersey, Appellate Division, affirmed. *State v. Kushner*, No. 08-05-1175, 2012 WL 5990107 (N.J. Super. Ct. App. Div. Dec. 3, 2012) (per curiam). It found that Kushner's speedy trial rights were not violated under the balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The New Jersey Supreme Court denied review.

This habeas corpus petition followed. Kushner now asserts that his speedy trial rights were violated by the fifteen month delay between his arrest and indictment.[1] The District Court denied relief, finding that Kushner could not overcome the standard of review of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). The District Court granted a certificate of appealability because reasonable jurists could disagree.[2] *See Buck v. Davis*, 137 S. Ct. 759, 773 (2017).

**II**[3]

AEDPA limits the ability of a federal court to grant habeas corpus relief to a petitioner based upon a federal constitutional claim where, as here, that claim was

---

[1] There was also post-indictment delay, but Kushner does not challenge it on appeal.

[2] We thank the Duquesne University School of Law Tribone Center for Clinical Legal Education for their zealous pro bono advocacy on appeal.

[3] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Our review of the District Court's decision is plenary. *Dennis v. Secretary*, 834 F.3d 263, 280 (3d Cir. 2016) (en banc).

"adjudicated on the merits" in state court. 28 U.S.C. § 2254(d). Under Section 2254(d), habeas relief shall not be granted unless the adjudication "(1) resulted in a decision that was contrary to, or *involved an unreasonable application of, clearly established Federal law*, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* (emphasis added). Under Section 2254(d)(1), a state court decision involves an unreasonable application "if the court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case." *McKernan v. Superintendent*, 849 F.3d 557, 563 (3d Cir. 2017) (quotation marks and citation omitted). A state court's findings of fact are presumed correct absent clear and convincing evidence to rebut them. 28 U.S.C. § 2254(e)(1).

### III

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial.'" U.S. Const. amend VI. This provision is binding on the states through the Fourteenth Amendment. *Barker*, 407 U.S. at 515. When assessing a constitutional speedy trial claim, among the factors we consider are the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530. Kushner argues that the state court unreasonably applied the *Barker* factors. We cannot agree.

The first factor, the length of the delay, "trigger[s]" the speedy trial analysis. *Doggett v. United States*, 505 U.S. 647, 651 (1992); *see also Barker*, 407 U.S. at 530. In

4

Kushner's case, the parties agree that a fifteen month delay is sufficient to trigger the analysis. Accordingly, a court must consider the length of the delay among the other *Barker* factors. *Doggett*, 505 U.S. at 652. The state court reasonably did so. It found that "for a complex case such as this" the delay was not "overly long." App. 138. This was not an unreasonable application of *Barker*, which provides that "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Barker*, 407 U.S. at 531.

As to the second factor, the reason for the delay, Kushner argues that the state court unreasonably emphasized that the state's delay was unintentional. This was a reasonable application of *Barker*, which provides that "different weights should be assigned to different reasons" with "more neutral reason[s] such as negligence or overcrowded courts . . . weigh[ing] less heavily" than deliberate attempts to delay. *Id.*; *see also Vermont v. Brillon*, 556 U.S. 81, 90 (2009); *Doggett*, 505 U.S. at 657.

As to the third factor, the assertion of the right, Kushner argues that the state court unreasonably highlighted the fact that he did not assert a speedy trial claim pre-indictment. *See* N.J. Ct. R. 3:25-3 (providing for such a motion). This is an accurate reading of the state court opinion. But while reasonable jurists could disagree as to the state court's analysis of this factor, we cannot conclude that the *Barker* analysis was objectively unreasonable. *See Barker*, 407 U.S. at 531 (requiring a court to consider both "[w]hether and how" the defendant asserted the speedy trial right); *see also id.* at 533 (holding that "none of the four factors . . . [is] necessary or sufficient").

5

As to the fourth factor, prejudice to the defendant, Kushner argues that the state court unreasonably focused on the fact that he was released on bail. Kushner argues that, while not incarcerated, he still suffered anxiety, travel restrictions, and financial hardship impacting his ability to hire private counsel. *See Doggett*, 505 U.S. at 654 (recognizing multiple forms of prejudice); *Barker*, 407 U.S. at 532 (same). We conclude that the state court's prejudice analysis was not unreasonable. The state court recognized that prejudice includes not only incarceration, but also "anxiety and concern of the accused, and impairment of the defense." App. 137 (quotation marks and citation omitted). Moreover, it never held that Kushner was not prejudiced—only that he did not suffer prejudice of a constitutional magnitude.

We recognize that Kushner, and the District Court, appropriately highlighted some of the weaker aspects of the state court's opinion. Yet we cannot hold that the state court's application of the *Barker* factors was "objectively unreasonable," and so, we will affirm. *McKernan*, 849 F.3d at 563 (citation omitted).

**IV**

The judgment of the District Court will be affirmed.